Thank you gentlemen. We'll now hear argument in the case of Fantasia v. Diodato. I'm April Maxwell. I'm appearing on behalf of Ms. Frances Fantasia. And I'd like to reserve two minutes for rebuttal. So about a week ago we got a list of some questions from this panel. So I'm just going to go ahead and start with those. One question that this panel asked was whether the court's minute entry should be construed as an order either granting reconsideration of its prior order modifying the automatic stay or granting reconsideration of its prior order granting abstention or both. I'm going to have to go with D, none of the above. As I was looking into this a little bit more closely with that question, I realized that I was guilty of using the same incorrect language. But this is actually not a motion for reconsideration because technically in the Federal Rules of Civil Procedure there is no allowance for a motion for reconsideration. So I understand your technical point, but it was a motion for relief under Rule 60, correct? Exactly, right. But what is the relief that's sought? Were you asking the court to grant relief from an order that was an abstention order, a stay order, neither, both? I would say I think that the question sort of changes what we should be looking at because from what I understand But that's a jurisdictional issue. So that's what we need to look at first. And neither party briefed this before the district court or before this court. So it makes a big difference because we, I know you want us to go to consideration of the merits of the Rule 60 motion and the resulting order. But before, we can't get there without jurisdiction. So you have to answer these questions. I agree completely. We cannot look at this without jurisdiction. And what we are saying is that the court exceeded their jurisdiction by issuing the 60B order because since it was supposed to be ruled under 60B1, that That's not, we're still like ships passing in the night here. That's not the point. That just goes to the merits of the order, whether it was 60B1 or 60B6. And if it was 60B1, was it untimely? That's not the jurisdictional issue. The jurisdictional issue is whether when the bankruptcy court granted relief and changed its prior position on something, stay, or the automatic stay or extension, was that a final order? Because if that were a final order, then you had 14 days to appeal. That's a jurisdictional requirement. That's why what the nature of that motion and that order, what they were, is critical. If it was not a final order, if it were some sort of interlocutory order, then you could wait until the conclusion of the bankruptcy proceeding and appeal as you did. So we know the Supreme Court and Ritzen group has said a motion denying or granting relief from a stay are final orders. So that's why this becomes a critical question. Was that an order granting relief from a stay or denying relief, or was it an abstention order, which may be treated differently, maybe not? We believe it was more properly considered an abstention order. And when it comes to abstention, issues of the automatic stay do always come in. However, that does not mean, I mean, the Ritzen case was pretty much on par with what the circuit has been doing since 1984 in that they cited the Ninth Circuit as they've already decided that orders that modify the automatic stay are final orders. And at that same time, while the circuit has been deciding that up or down automatic stay is a final order, however, motions regarding abstention are interlocutory orders. That was in the context, I think I know the cases you're referring to, the GNAC was one of them. I was discussing whether the collateral order doctrine applied, right? And that's different from a final order, because you could have an order that is not final, but you can still appeal it under the collateral order doctrine. And those cases all talk about that means of an immediate appeal. So we need you to focus on, and the district court analyzed this under the collateral order doctrine. That was clearly briefed and discussed before the district court. Not before us, but what was that order? Was it a final order? Or was it not a final order such that it could be merged into the judgment later and appealed? It was not a final order. Implicit in being able to use a collateral order doctrine is the fact that it is not a final order. You cannot, the collateral order doctrine doesn't even come into play when it's a final order. So therefore, the fact that they were, that they're analyzing whether you can use a collateral order doctrine. Because the district judge responded to the argument on the collateral order doctrine, you're saying that means it was not a final order? No, I'm sorry. I'm saying under the GANC, or GACN and general carriers that were specifically analyzing whether they can use the collateral order doctrine in order to immediately review under an exception to an interlocutory appeal. The fact that they had to look at the collateral order doctrine means that it was not a final order. Because if it was a final order, they wouldn't even be discussing the collateral order doctrine. Does that make sense? I think that you said earlier that the original order and the order on reconsideration or rules, whatever we're going to call that second order that changes the district court or the bankruptcy court changes its mind. Both of those orders addressed relief from stay. Would you agree with that? Might have done other things too, but both of those orders also talked about relief from stay. Yes. They're implicit in talking about abstention. You are also talking about relief from stay in some form. Okay. So if you agree with that, then what do you do with this sentence from Ritson, which is, you know, it post-states all of the case law you're talking about, GACN and all of those, that says, classifying as final all orders conclusively resolving stay relief motions will avoid rather than cause delays and inefficiencies. And then it goes on to say, immediate appeal is appropriate. So if these orders, at least in part, addressed relief from stay, why isn't Ritson triggered? Well, if you look at, I believe it's footnote 4, it also says, we do not decide whether finality would attach to an order denying stay if the bankruptcy enters orders without prejudice because further developments might change that stay calculus. And so... What's in the record to show us that these orders were entered without prejudice? I think it's inherent in the fact that in the Ninth Circuit, that has always been the issue, that stay relief orders have been for decades. It has been a final appealable order. However, the courts have also continued to recognize that abstention orders are inherently different even though it involves the automatic stay. There's enough that is continuing to go on that those are considered interlocutory orders. So even if that's the case, how do you get around 28 U.S.C. Section 1334D, which says, there is no appeal to this court from an abstention order? It is true, and that's why we're not necessarily talking about the merits of the abstention order because that might not be able to happen. However, there's the same sort of language in 1452, which has to do with remand, says it cannot be repealed. And the courts have consistently decided, even at the Supreme Court level, that while it's not repealable per se, this court still has the opportunity as well as the obligation to look at if the court was staying within their statutory and their constitutional bounds and making sure that they had the correct jurisdiction. And so, and our argument is, is that they, the bankruptcy court, went outside of its constitutional bounds, or excuse me, its statutory bounds. It went outside of the authorized ability to issue this order, and this court always reserves the ability to look at if there was jurisdiction, whether there was that statute or not. Before I sit down and reserve... I have another question before you sit down. I'm trying to figure out, in this case, the relief that the bankruptcy court was granting sort of took, and I think you've said this a couple of times, took abstention and relief from stay, and they kind of went hand in hand. I'm not going to decide this case. Massachusetts will decide this case, and to facilitate that, I'm going to grant relief from stay, at least in part, so that the Massachusetts litigation can continue, right? Yes. Are there circumstances where a bankruptcy court can abstain but not also have to grant relief from stay? For example, could a bankruptcy court say, you know, there's something developing in the law, something's uncertain, I'm going to abstain from dealing with this issue without also saying, but someone else is going to decide it. Well, I guess they could abstain without granting relief for stay if the state does not apply. For example, if the state does not reply in criminal matters, I don't see why a bankruptcy court would be deciding that, but if there was some sort of an overlap there, but there are certain things, for example, when it comes to child custody, child support, when it comes to criminal matters, there are certain issues where the state just does not apply at all, and therefore, there would not be any relief from stay with the abstention. So you would do, in that context, you would have an abstention, but you would not have relief from stay? If the stay doesn't apply, I would think so, yes. Thank you. Did the stay apply to the state law claims that were at issue here? I mean, there was litigation pending in Massachusetts state court, and then the bankruptcy petition was filed, and then it appears that the bankruptcy court believed that the automatic stay applied to those claims because the judge granted relief, modified the stay in part to allow those claims to proceed in state court. So it doesn't seem that this is factually, this is a situation where a stay did not apply. That is true. I cannot think of a time, I cannot think of this being an instance where the stay did not apply. However, I think that the current cases that have gone on throughout the country, as well as in this jurisdiction, really notice that, and they seem to rest on the idea that even though there is the stay that's woven in and interrelates, it is sufficiently different as to be an interlocutory appeal, which then we would have to look at the collateral order doctrine to see if you can immediately appeal or appeal at the end. I'm not sure I follow what you just said, and I also don't know that you've addressed 1334D. I mean, you analogized to a remand statute, but I will tell you we did not find a lot of case law discussing this statute, but it seems that it was a post-martial enactment so that there would be Article III review of bankruptcy court orders, so you could appeal that. You can appeal an abstention order to the district court, but the statute is pretty clear in its language that any decision to abstain or to not abstain under 1334C is not reviewable by appeal or otherwise by the court of appeals. And I will agree that the merits of whether to abstain or whether not to abstain are not necessarily reviewable, which is why we're not going through about, well, was he correct in looking at if there was a reasonable time, or, you know, we're not looking at the merits of the original abstain order. But this Court does have the obligation to look at whether the bankruptcy court had jurisdiction to enter that order to begin with. And I agree I did not find very many cases on the statute that we're talking about, but the language is extremely analogous to the 1452, where there is a lot of case law, where it says the fact that it says it's not able to be reviewed does not mean that it cannot be reviewed to make sure that the court did not exceed their jurisdiction. And that's what we're asking you to do. What court are they talking about, the bankruptcy court or the district court? I mean, we would have jurisdiction to review some aspects of the district judge's order, but it doesn't seem like under the plain language of the statute that we could reconsider or we could review an abstention order. This was permissive abstention, correct? This is not mandatory abstention. Right. Right. That's our position, that it was permissive abstention. And there is that ability to review the mandatory in the limited circumstance. However, you can always look to make sure whether there is subject matter jurisdiction. And whether or not they have, whether or not the bankruptcy court exceeded its authority to enter that order, the Rule 60B motion order, is always within this court's ability to review. Counsel, since the court is taking over time, we'll give you a little extra time to rebut. But let's hear from opposing counsel, and then we'll give you some brief rebuttal time. Thank you. Did you say Dutkiewicz, is that correct? That's not. It's close, though. Close. It's Dutkiewicz. Oh, Dutkiewicz. Dutkiewicz. Very good. Thank you. You can call me anything you'd like, other than late for dinner. Is, did I press four? There should be, there you go. The other one will move it up. Sorry. Maybe you need to put it up there. All right. I think that's as high as it goes. Thank you, Your Honors. It's Chris Dutkiewicz for the debtor, Kerry Diodato, and non-debtor defendant, Michael Diodato, who are also the I did have some prepared statements, but, I mean, it's very clear to me, we tend to get away from the reality of the situation. This was, you know, a lot of litigation going on prior to the filing of the bankruptcy. We come into bankruptcy court, and the plaintiff, Frances, is, her and her counsel, they're upset. It's a very hotly contested situation. Mother, daughter, husband, you know, it just, there's a lot going on here. We want to continue to sue you in Massachusetts. We're upset that you've moved to Arizona. So, we're going to come into court and file a motion for stay relief and abstention. A joint motion. Because, boots on the ground bankruptcy attorneys, we know, you really can't sue someone or continue your lawsuit unless you get stay relief. You have to do that. And so, that's why the motion is written that way. You can find that in our district response appendix four. That full motion, Mr. Heider, counsel then for Frances, writes it very clearly. And so, first he asks for stay relief because he needs stay relief. Counsel, can I ask you right there? Yes. Yeah. Did he also need an abstention or could he have just gotten stay relief and then that would have allowed Massachusetts to go forward? He could have easily asked just for stay relief and then attempted to continue, because the lawsuit was already started in Massachusetts. He wanted specifically, I believe, permissive abstention in part because the judge that we were dealing with in that bankruptcy court, he is very active in those kind of things. He wants to resolve those kind of disputes. So, without the abstention, then you would have had both the bankruptcy court and the Massachusetts court dealing with the same issues? Correct. And so, it was, as you would hope, an effort on one side at least of judicial economy. That was the arguments at first from the plaintiff throughout this process. In that motion, they call redoing the work that they've done in Massachusetts a colossal waste of money and time for this retired 80-year-old woman. That was five years ago and several hundred thousand dollars of legal fees have passed. I appreciate the human element of that. It's very important. And it's very important. Yes. I really get that. But as you've heard from the questions by the panel, we're stuck with the very basic question of do we have jurisdiction to hear this? And I would appreciate your best argument as to what case law controls, if any, or why your opponent's case law is distinguishable. Why do we have or not have jurisdiction in this case? Yes. Well, and my position would be you wouldn't have jurisdiction. And the questions that the panel emailed gave me a great sense of regret that I did not pursue that again in my brief. I left it alone. I lost on the collateral argument. I won on something on the merits. Those were what were appealed. And so, you know, I don't do appeals every day. And so I said I'm going to use my time to respond to what my opponent and my actual friend from high school, believe it or not, we end up here randomly, but had argued. But the questions were very on point. Yes, this is an order for stay relief and a non-appealable order for abstention. The code, I always get my codes wrong, 1334 clearly says you can't appeal the abstention. Ms. Can you point us to, it doesn't seem to be a very heavily litigated provision in the code. Can you point us to any case law explaining more about Section 1334D? And are there any circumstances, despite the statute, in which we would have the ability to review? I can't. And I looked, you know, over the last few days in preparing for this, but to me it wasn't relevant for me to spend my time. Because even if you could appeal an order for abstention, my client didn't. And we never asked to, and we've never asked for relief. But you understand the jurisdictional problem, right? So I understand you were focusing on the merits. You had done that below. But we can't even get there without jurisdiction. And, of course, we have an obligation to confirm our own jurisdiction. So this first question has to be answered. But the first question I'm hearing is whether this was a non-appealable order on a motion for relief from stay. And my answer to that is yes, that we should have appealed in 14 days. And when you bring it back to the context of not just this case or any case going on in bankruptcy where there is a companion civil litigation, as the Ritson Court summarizes, the rule that Ritson wanted to promote was I waited until after I see what happens in the litigation. And then I decide, well, that motion for relief was entered in wrong. So I want to appeal that now because I'm not happy with the results that I got later on in the litigation. That's just inherently unfair and incredibly wasteful. It is exactly. The rule that the Ritson Court in 2020 specifically denies states, the rule Ritson urges would force creditors who lose stay relief motions to fully litigate their claims in bankruptcy court and then after the bankruptcy case is over, appeal and seek to redo the litigation all over again in the original court. That's specifically what the plaintiff wants to do here. Right. So is your – I'm not saying write in that. I'm agreeing with you. I'm just saying I understand your point.  But is your argument then that because the initial motion sought modification of the stay and abstention and then the order that granted relief from the earlier motion also addressed a stay and abstention, that this should be treated as an order either granting or denying relief from a stay and it was a final order when it was entered and should have been appealed in 14 days? That's 100 percent my position, yes. Because – So your position would be it doesn't matter that there was abstention. It wasn't just a stay motion. The abstention was involved as well. There isn't a lot of – any relevance to me in the appealability of the motion for relief from stay that it had a companion order for abstention because, as we already identified in this discussion, if you didn't have abstention, you would still just have the court – You'd have dual litigation. Dual litigation. So it doesn't really matter. Is that right? Sorry, go ahead. Is that right? I mean, without the stay relief, the Massachusetts action would have been unlawful, wouldn't it have? Well, that's what I'm saying. Let me correct myself. So I'm saying like if we simplified this and said it was just an abstention order and let's just recreate the facts because we'll just say that the bankruptcy court just said I'm going to abstain and the motion was just for abstention. There was no even hint of stay relief. Yes. If the bankruptcy court had only granted abstention, then you could have had the possibility of the two cases going on, except for the Massachusetts action would have been in violation of the stay, correct? Correct. Yeah, I would just have to disagree with your premise. And if I sent that message that was an error, you couldn't have ever have state court action going on in an active bankruptcy that has any kind of active stay to it. Well, I mean, you could. It would just be in violation of the stay and somebody is going to get sanctioned. Sure. You couldn't have a valid action. Right. So I guess your point was if the bankruptcy court had lifted the stay, or at least in part, to allow the state court action to proceed, but did not abstain, then potentially the parties could litigate in both forms. That's what, I mean, that never happens. But, yes, hypothetically for the purpose of this argument, that is what would have occurred. So for your purposes, because they didn't appeal in 14 days, we have no jurisdiction. Correct. Yes. You have 40 seconds. Do you have something brilliant? Oh, I don't have anything brilliant, but I would just emphasize that this question that we're facing is one of the reasons why people outside of this building have a hard time with lawyers because what we're suggesting is there's a possibility that we had a trial, we had evidence, we spent thousands of dollars to resolve this, we had an appellate process through the district court, and now the possible remedy is to go all the way back to Massachusetts, not because anything wrong happened in the trial, but because having the trial in the location that we had it shouldn't have happened, and that is the question we should have answered before the trial. Okay. Thank you very much. So we'll give you a couple of minutes to respond since the court took your precious time there. Thank you. I think that the court has really identified the problem with separating the stay and the abstention. I think that they're so really intertwined that there's separate rules when the stay has to do with the abstention, when you have those two. What about your best argument that your high school friend is wrong about the 14-day time period? I'm sorry, say that again. In other words, that it deprives us of jurisdiction, that you didn't appeal in 14 days, so we have no jurisdiction. Why is he wrong? Why is he wrong? I mean, for one thing, they wanted to appeal right away. They were upset to have to go through an entire – all the case law that they saw said abstention means that you have to wait until the end. Shoot, we have to go through a whole trial even though we think this was completely wrong, but we've got to do it. And so as far as all the cases have – and what we just talked about I think shows there's a difference between just a straight up and down automatic stay question and an abstention question. I think that cuts against you here. I think that reality cuts against you because what was really being asked for at the time, which was the ability to continue in Massachusetts, cannot happen without relief from stay. So two things were being asked for, but that one's the fundamental piece. Okay. And if they can't happen without the automatic stay being lifted and all the cases say that you cannot appeal on an abstention, then that's an irreconcilable issue because all the cases under the law and then the Ninth Circuit that said up or down automatic stay is immediately appealable, but abstention is not. We did not appeal at that point because we did not think that we had the ability to. Those cases were before Ritson, and I know there was Ninth Circuit case law talking about a stay being final, an order lifting or denying relief from stay being final. But that's not what was being addressed in GNAC and the other cases. It was all about collateral order doctrine and whether there was an adversary proceeding in place so that the order could later be appealed, which is an element of the collateral order doctrine. And they didn't talk about this particular issue. And then Ritson comes along and makes it crystal clear that you've got to appeal this right away because bankruptcy is different from other civil litigation and it's compartmentalized and you want things resolved because otherwise you have the situation that you have right now. So I don't know how your clients rely on GNAC and other cases to say, oh, well, we couldn't appeal right away. Or you could have tried to appeal, maybe had the appeal dismissed, or you could have sought an interlocutory appeal. I mean, there were a lot of things to seek relief rather than just assuming it wasn't a final order. So I would submit that it – well, I'm trying to think of how to best address that, obviously. And I know that I am out of time, but it was very, very clear in the Ninth Circuit cases. And Ritson, like I said, cited approvingly a Ninth Circuit case saying final – that the – it's a final order when you talk about stay relief. And the Ninth Circuit cases have always segregated the abstention because, yes, it does include some automatic stay. There's also other things that go along with it. And they concluded, or whoever was counsel at the time concluded, that this order was not an order granting or denying relief from stay. It was something different. Right. Even though the stay is inherently wrapped up with the abstention question, because it was an abstention question, and it was – like he said, I wasn't counsel, but it was 100 percent research. He wanted to appeal immediately and thought – and under the law that was there, because abstention is treated so differently in the Ninth Circuit than just a straight up or down stay question, then it was determined that they would have to wait and go through an entire trial for it. Okay. I think we could talk about this for a long time. This is a law school questionnaire par excellence. This would be a great question, wouldn't it? Anyway. I agree. We thank you both for your helpful argument. The case just argued is submitted.
judges: SMITH, BADE, FORREST